IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ENVIRO MANAGEMENT & RESEARCH, )
INC.,                         )
                              )
     Plaintiff,               )
                              )
          v.                  )     1:08cv1239 (JCC)
                              )
VMAC CORP.,                   )
                              )
     Defendant.               )

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff Enviro Management & Research, Inc.'s consolidated motion for leave to amend complaint, joinder, and remand.  For the reasons stated below, the Court will grant the consolidated motion.

**I. Background**

Plaintiff Enviro Management & Research, Inc. ("EMR"), a Virginia corporation, entered into a partnership with Defendant VMAC ("VMAC"), a Texas corporation, to pursue government contract work.  The two corporations organized their joint venture (the "Joint Venture") under Virginia law.  When the business plan fell through, EMR filed a complaint (the "Complaint") in the Virginia Circuit Court of Fairfax County, seeking dissolution of the Joint Venture.  EMR decided to request dissolution after VMAC allegedly stopped cooperating in the management of the Joint Venture.  *See*

1

Pl.'s Mem. in Supp., Ex. A, at 1.

EMR claims to have filed the dissolution action to wind up the affairs of the Joint Venture and pay off the Joint Venture's subcontractors and suppliers in an efficient and economical manner.  VMAC responded by raising a number of counterclaims and removing the case to federal court based on diversity jurisdiction.  *See* Pl.'s Mem. in Supp. at 2.  Faced with a number of claims against it by VMAC and a different forum than the one it chose, EMR now seeks to assert all claims related to its relationship with VMAC, including claims against the Joint Venture.  *Id.* at 2-3.  EMR asks the Court to (1) grant it leave to amend its Complaint pursuant to Rule 15(a); (2) allow it to add an additional defendant in accordance with Rule 20(a); and (3) remand the case to state court pursuant to 28 U.S.C. § 1447(e).

EMR's proposed Amended Complaint (the "Amended Complaint") asks for the dissociation of VMAC from the Joint Venture and dissolution of the Joint Venture.  Am. Compl. at 7-10.  It also sets forth five causes of action against the Joint Venture and four against VMAC.  The claims against the Joint Venture are for breach of subcontract, *quantum meruit*, unjust enrichment, defamation, and tortious interference with prospective economic advantage.  *Id.* at 12-15; 17-21 (Counts IV-VI, VIII, and X, respectively).  The causes of action brought

2

against VMAC are: breach of contract, defamation, tortious interference with prospective economic advantage, and breach of fiduciary duty. *Id.* at 10-12; 15-17; 18-19; 21-23 (Counts III, VII, IX, and XI, respectively).

VMAC opposes these motions. It asserts that EMR's claims against the Joint Venture are legally and economically unfeasible and that EMR seeks to add the claims solely to defeat federal jurisdiction. EMR filed its motion (the "Consolidated Motion") on December 12, 2008. VMAC responded on December 29, and EMR filed a reply on January 5, 2009. This consolidated motion is before the Court.

## II. Analysis

VMAC, a Texas corporation, removed this lawsuit to federal court based on diversity jurisdiction. EMR, a Virginia corporation, now seeks to add the Joint Venture as a defendant. The citizenship of the Joint Venture, a partnership, is determined by the citizenship of each individual partner. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (citations omitted). The Joint Venture, then, is a citizen of both Texas and Virginia. The addition of the Joint Venture as a defendant would destroy complete diversity and strip this Court of subject matter jurisdiction. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

A. Joinder Under 28 U.S.C. § 1447(e)

In the post-removal situation presented here, whether to allow joinder under Rule 20(a)(2), which permits the joinder of proper defendant parties, falls within the "sound discretion" of the district court. *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). Federal law allows a court to "deny joinder, or permit joinder and remand the action back to State court" when, subsequent to removal, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e); *see also Mayes*, 198 F.3d at 461. Under § 1447(e), the district court must remand the action if it permits the joinder of a non-diverse defendant. *Mayes*, 198 F.3d at 462.

In exercising its discretion under § 1447(e), a court should balance the equities and may consider the following factors in doing so: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* at 462-63 (quotation and citations omitted). The fraudulent joinder of a non-diverse defendant, if shown, may be a decisive factor in favor of the party seeking to block joinder. *Id.* at 463.

VMAC argues that the Court should deny joinder because

4

the claims asserted by EMC against the Joint Venture are subject to dismissal, economically futile, and were added only to destroy federal jurisdiction.  VMAC also suggests that EMR is attempting to join the Joint Venture fraudulently and that EMR will not be injured if the Court denies joinder.

VMAC's argument that EMC should not be allowed to assert claims against the Joint Venture lacks merit.  First, VMAC only asserts that three of the five claims raised by EMR against the Joint Venture are invalid.  Presumably, it does not contest the legal validity of two of the five claims.  VMAC states that the breach of subcontract cause of action would be subject to a motion to dismiss because EMR refers to a "subcontract" between it and the Joint Venture but does not attach this document to its Amended Complaint.  *See* Def.'s Mem. in Opp'n at 3-4 (citing *Carley Capital Group v. City of Newport News*, 709 F. Supp. 1387, 1396 (E.D. Va. 1989) (explaining that a breach of contract claim requires proof of an executed and enforceable contract)).  At the pleading stage, however, the allegation that the parties acted pursuant to a valid subcontract is sufficient to allege the existence of the contract.  EMR's cause of action based on a breach of subcontract is not facially invalid.

Likewise, VMAC's objection to the alternative *quantum meruit* and unjust enrichment claims misapprehends the pleading requirements of Rule 8.  *See* Fed. R. Civ. P. 8(a).  While VMAC

may have a legitimate defense to these claims based on federal contracting regulations, a potentially valid defense that can be proved at the summary judgment stage or at trial does not present a reason to bar the claims out of hand at the pleading stage. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (explaining that an affirmative defense will not suffice to dismiss a claim under Rule 12(b)(6) except in "the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint.").

VMAC's objections to joinder based on the supposed economic futility of EMR's claims against the Joint Venture are equally infirm.  VMAC argues that, because any resolution of the claims between VMAC and EMR as partners will necessarily deplete the assets of the Joint Venture, EMR will not be able to recover from the Joint Venture even if it succeeds on its claims against it.  Def.'s Mem. in Opp'n at 5.  But the legal claims that EMR can bring are not limited by the possibility that it may be difficult to recover on a judgment because of the outcome of other pending claims.  The Joint Venture exists as a separate legal entity, *see* Va. Code Ann. § 50-73.87, and can be sued by one of its partners as such, Va. Code Ann. § 50-73.103.

Additionally, EMR claims that it can recover from the Joint Venture because it performed services, for which it still has not been paid, as a subcontractor to the Joint Venture.  *See*

Am. Compl. at 12-13 (Count IV).  If EMR proves this allegation, these unpaid services would make it a creditor of the Joint Venture.  *See* Pl.'s Reply at 2.  When winding up a partnership, creditors take precedence over partners.  Va. Code Ann. § 50-73.123(A).  Thus, if the assets of the Joint Venture are used to satisfy claims raised by the parties, those of EMR as a creditor would take precedence over claims between the parties based on the alleged misdeeds of each as a partner.  Finally, VMAC's statement that any claims EMR has against the Joint Venture would be resolved through dissolution rings hollow in light of its own rejection of dissolution as the sole method of winding up the Joint Venture's business.  VMAC responded to the request for dissolution by filing counterclaims against EMR.  EMR's response – raising all legal claims related to the Joint Venture – includes claims against the Joint Venture that may provide an alternative avenue to reimbursement, depending on the manner in which the claims between the partners are resolved.

The Court is mindful of the possibility that plaintiffs may attempt to defeat diversity jurisdiction by amending a removed complaint.  *See Mayes*, 198 F.3d at 463; *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990).  VMAC's suggestion that EMR's attempt to join the Joint Venture is fraudulent, however, falls well below the standard for finding fraudulent joinder.  To show fraudulent

7

joinder, the removing party must either establish that the plaintiff could not possibly establish a cause of action against the non-diverse defendant or that it committed outright fraud in pleading the jurisdictional facts. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). EMR's actions in this case fail to meet either criterion.

EMR brought all of its claims against VMAC and the Joint Venture after VMAC responded to EMR's attempt to institute an orderly dissolution by filing an eight-part counterclaim (the "Counterclaim"). EMR filed the Consolidated Motion seven days after VMAC submitted the Answer and Counterclaim that significantly altered the tone of the litigation. Thus, EMR was not dilatory in attempting to add the Joint Venture as a party after it realized that dissolution alone would not suffice to wind up the affairs of the Joint Venture. Moreover, the Joint Venture is a legal entity subject to suit by its partners under Virginia law. Va. Code Ann. § 50-73.103.

EMR claims that while VMAC has limited assets, the Joint Venture has a bank account holding $900,000. EMR also states that if its motion for joinder is denied, it will file suit against the Joint Venture in state court. This would expose it to the possibility of inconsistent judgments and the inefficiencies of maintaining parallel lawsuits. *See* Pl.'s Reply at 5. Given all of these reasons, and considering the weakness

of VMAC's arguments to the contrary, the Court finds that EMR requests the joinder of the Joint Venture in good faith, not as an attempt to defeat diversity jurisdiction.

B. Leave to Amend Complaint

EMR requests leave to amend its Complaint under Federal Rule of Civil Procedure 15(a) to add claims against VMAC and the Joint Venture.  Rule 15(a)(2) allows a party to amend its pleading after responsive pleadings have been filed when a court grants it leave to do so.  Fed. R. Civ. P. 15(a)(2).  The rule states that the court "should freely give leave when justice so requires."  *Id.*  "'Leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987).

1. Additional Claims Against VMAC

VMAC does not contest the addition of the claims brought against it.  None of the factors cited in *Edwards* applies to EMR's addition of claims against VMAC.  EMR filed its Consolidated Motion seven days after receiving notice of VMAC's

9

Counterclaim.  Pl.'s Mem. in Supp. at 6.  Thus, it did not unduly delay its request to add the new claims against VMAC.  *See Foman*, 371 U.S. at 182 (noting that undue delay may be a reason to deny leave to amend).  The Court will allow EMR to amend its Complaint to assert claims against VMAC.

> 2. <u>Claims Against the Joint Venture</u>

For the same reasons discussed above, in subsection II.A., VMAC argues that the Court should deny EMR's motion for leave to amend the Complaint to assert claims against the Joint Venture.  It states that three of the claims – those for breach of the subcontract, *quantum meruit*, and unjust enrichment – would not survive a motion to dismiss and that, in any event, the claims against the Joint Venture are economically futile.  Where proposed amendments to a complaint will not be able to withstand a motion to dismiss, a court can deny a motion for leave to amend as futile.  *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citing *Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985)).  In this case, the causes of action brought against the Joint Venture are not subject to a motion to dismiss at this time.  *See supra* subsection II.A.  For the reasons stated above, the claims also are not futile.  Nor are the proposed amendments prejudicial to the opposing party or in bad faith.  *Id.*  The Court will grant EMR's request to amend its Complaint.

### III. Conclusion

For the reasons stated above, the Court will grant Plaintiff's Consolidated Motion to amend the complaint, join the Joint Venture as a defendant party, and remand the case to the Circuit Court of Fairfax, Virginia.

An appropriate Order will issue.


January 14, 2009                                    /s/
Alexandria, Virginia                    _____
                                            James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE